IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:21-CR-00006-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| BRIAN LEN LEDFORD, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Brian Len Ledford's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and appointment of counsel. (Doc. No. 21). Defendant seeks compassionate release stating that he suffers from a medical condition that requires specialized medical care that is not being provided and needs to be released to have knee replacement surgery on his left knee. *Id.* at 5, 22. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion for compassionate release as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In February 2021 Defendant pled guilty to possession with the intent to distribute 50 grams or more of a mixture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851. (Doc. No. 3). He was sentenced to 60 months imprisonment to be served consecutive to revocation matter in 5:15-cr-00014-KDB-DSC-1 plus four years of supervised release. (Doc. No. 15).

Defendant is a 49-year-old male serving his prison sentence at FCI Allenwood-Low in Pennsylvania. According to the Bureau of Prisons, his scheduled release date is April 20, 2027.

Defendant seeks a reduction in sentence under the compassionate release statute, 18 U.S.C § 3582(c)(1)(A). Defendant states that he needs to be released to have left knee replacement surgery. (Doc. No. 21).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. *See United States v. Hargrove*, 30 F.4th 189, 194-95 (4th Cir. 2022); *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021); *United States v. Kibble*, 992 F.3d 326, 330-32 (4th Cir. 2021). In evaluating the section 3553(a) factors, the court considers, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public *See* 18 U.S.C. § 3553(a); *High*, 997 F.3d at 186; *Kibble*, 992 F.3d at 32.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. *See* U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances,; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the

sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. *See* U.S.S.G. § 1B1.13 (b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction … is warranted." U.S.S.G. § 1B1.13 (d). *See* 28 U.S.C. § 994(t); *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024); *United States v. McCoy*, 981 F.3d 271, 286 n.9 (4th Cir. 2020). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13 (e). The Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5).

Defendant asserts that he needs to have left knee replacement surgery and this is an extraordinary and compelling reason for a compassionate release. (Doc. No. 21). According to his Presentence Report, in 2000 Defendant was in a motor vehicle accident and suffered an injury to his left knee, in 2001 had a medical meniscus repair, and in 2005 suffered a twisting injury to his left knee and was told to follow-up with an orthopedic surgeon. (Doc. No. 13, ¶ 95). Defendant attaches various medical reports to his motion and one dated January 30, 2025, states that a MRI scan performed in October 2024 at the WellSpan Evangelical Community Hospital shows chronic disease of his left knee; there is no benefit with an arthroscopy; he needs a total knee replacement. (Doc. No. 21 at 17). The doctor also stated that Defendant should wait until he is released to have the surgery. *Id*. Later in July of 2025, the doctor recommended that Defendant be added to the schedule for Springfield for a left total knee replacement. *Id*. at 18. However, prison health services informed Defendant on August 20, 2025, that the wait time for a bed at a Federal medical center is 2-3 years. *Id*. at 45. Furthermore, they "cannot do the knee replacements at the outside hospital

here due to the rehab needed for a successful knee replacement post operatively you will need certain equipment and daily physical therapy for a few months afterwards." *Id.*

The medical records provided indicate that Defendant was ambulatory, is receiving proper care, pain medication, eight weeks of PT (and more if requested), consultations as requested, MRI, and doctor recommendations. (Doc. No. 21). The doctor advised that Defendant wait until he is released (which will be on April 20, 2027) to have the knee replacement surgery. Accordingly, the Court finds that Defendant has not shown that an "extraordinary and compelling reason" supports his release.

"[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent they are applicable.' § 3582(c)(1)(A). Only after considering those factors should the district court determine whether to grant compassionate release." *United States v. Malone*, 57 F.4th 167 at 174 (4th Cir. 2023). Having found there are no extraordinary and compelling reasons for release, the Court need not consider the applicable § 3353(a) factors.

Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B).

Because there is no absolute right to the appointment of counsel, a plaintiff must present "exceptional circumstances" in order for the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities. The district court's failure to make these assessments is legal error." *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) (citing *Brock v. City of Richmond*, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting *Whisenant*, 739 F.2d at 162).

Defendant requests appointment of counsel to pursue a compassionate release motion. Defendant is 49 years old. According to his Presentence Investigation Report, he completed the ninth grade in 1991 at Newton-Conover High School in Newton, North Carolina and earned his GED in 1996 through Western Piedmont Community College while detained in Morganton High Rise Prison in Morganton, North Carolina. (Doc. No. 13, ¶¶ 101-102). Defendant also attended Culinary Arts and Business Administration and Management classes through AB Tech in Asheville, North Carolina and withdrew for unknown reasons while earning a 2.864 GPA. *Id*. Defendant has submitted a compassionate release motion and has stated his case for what he considers an extraordinary and compelling reason for a sentence reduction. (Doc. No. 21). Defendant has failed to meet any of the requirements for establishing exceptional circumstances

necessitating the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), (Doc. No. 21), is **DENIED**.

**SO ORDERED.**

Signed: March 12, 2026

Kenneth D. Bell
United States District Judge